UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



———————————————————————

MSP RECOVERY CLAIMS, SERIES
LLC, a Delaware limited liability
company, SERIES 16-08-483, a
designated series of MSP Recovery
Claims, Series LLC,

     Plaintiffs,

   v.

MERCHANTS MUTUAL INSURANCE
CORPORATION, a Delaware
corporation, MERCHANTS NATIONAL
INSURANCE COMPANY, a New
Hampshire corporation, MERCHANTS
PREFERRED INSURANCE
COMPANY, a Delaware corporation

     Defendants.

———————————————————————

19-cv-524 (JLS) (JJM)

## <u>DECISION AND ORDER</u>

  Plaintiffs commenced this putative class action against Defendants in the

United States District Court for the Southern District of New York[1] on September 4,

2018.  Dkt. 1.  In response to Defendants' motion to dismiss, Plaintiffs filed an

amended complaint.  *See* Dkts. 12, 19.  The amended complaint alleges claims related

to Defendant no-fault insurers' alleged failure to "provide primary payment, or

reimburse secondary payments made by Plaintiffs' assignors and Class Members

[Medicare Advantage Organizations], on behalf of Medicare beneficiaries enrolled in

———————————————

[1] The parties later stipulated that the Western District of New York was the proper
venue for this action, and the Southern District transferred the action to this Court on
February 25, 2019.  *See* Dkts. 23, 24, 25.

Part C of the Medicare Act . . . for medical expenses resulting from injuries sustained in automobile accidents[,]" and is the operative pleading here.  Dkt. 19 ¶ 2.

Defendants moved to dismiss the amended complaint May 31, 2019.  Dkt. 37. Plaintiffs opposed the motion on July 11, 2019.  Dkt. 47.  And Defendants replied in further support of their motion to dismiss on July 22, 2019.  Dkt. 48.

On January 29, 2020, the Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  Dkt. 50.  Both parties filed supplemental authority regarding the motion to dismiss in February 2020.  Dkts. 52, 55.  Judge McCarthy heard oral argument on March 5, 2020.  Dkt. 56.  In response to Judge McCarthy's request, Plaintiffs filed three declarations to "make an evidentiary showing of their standing to pursue this action [and] demonstrate[e] . . . that they were assigned the representative claims," and to "authenticat[e] the relevant assignments and related agreements."  *See* Dkts. 57, 58.  Plaintiffs filed additional supplemental authority regarding their opposition to Defendants' motion in September 2020.  Dkt. 59.

On November 20, 2020, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendants' motion, without prejudice to Plaintiffs filing a second amended complaint.  Dkt. 60, at 2.  Judge McCarthy recommended dismissal under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs lack standing—in particular, because Plaintiffs "failed to satisfy their burden to demonstrate the exemplar claims [alleged in the amended complaint] were included in the assigned claims.  *See id.* at 2, 18.  Because Judge McCarthy concluded

that Plaintiffs' lack of standing deprived the Court of jurisdiction, he did not consider

Defendants' arguments under Federal Rule of Civil Procedure 12(b)(6). *See id.* at 25.

Plaintiffs objected to the R&R on December 4, 2020. Dkt. 61. They argue that

they pled sufficient facts and offered enough evidence to demonstrate their standing,

and assert that they need not plead the dates on which medical services were paid to

establish standing. *See id.* at 2-5. And, if the Court agrees with Judge McCarthy's

recommendation regarding standing, Plaintiffs request leave to amend. *See id.* at 5-6.

Defendants responded on December 18, 2020, arguing that Plaintiffs did not request—

and should not receive—leave to amend. *See* Dkt. 62, at 3-5. Plaintiffs replied in

further support of their objections on December 28, 2020. Dkt. 64.

A district court may accept, reject, or modify the findings or recommendations of

a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a

*de novo* review of those portions of a magistrate judge's recommendation to which a

party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C.

§ 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the

recommendation of a magistrate judge to which no objections are raised. *See Thomas

v. Arn*, 474 U.S. 140, 149-50 (1985).

The Court studied the R&R, the briefing on objections, and the relevant record.

Based on that review, the Court accepts and adopts Judge McCarthy's

recommendation to grant Defendants' motion to dismiss, on 12(b)(1) grounds, without

prejudice to Plaintiffs filing a second amended complaint. The Court identified the

specific deficiency with the amended complaint, and Plaintiffs assert that they are

able to cure the deficiency. *See* Dkt. 61, 5-6. Leave to amend therefore is not futile,

3

and Defendants did not argue that they would suffer prejudice from a second amendment.[2]  *See* Dkt. 62, at 3-5.

## CONCLUSION

For these reasons and those in the R&R, the Court grants Defendants' motion to dismiss (Dkt. 37) and dismisses the amended complaint, without prejudice.  Plaintiffs may file a second amended complaint by March 22, 2021.  The Court refers this case back to Judge McCarthy for further proceedings, consistent with the referral order at Dkt. 50.

SO ORDERED.

Dated:      March 1, 2021
            Buffalo, New York

                                        _____
                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE

---

[2] Defendants argue only that leave to amend is not proper because Plaintiffs did not request it in the opposition they submitted to Judge McCarthy.  *See* Dkt. 62, at 3. Regardless, the R&R raised amendment, so the issue—and Plaintiffs' argument for amendment—is properly before the Court.