UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



MSP RECOVERY CLAIMS, SERIES
LLC, a Delaware limited liability
company, SERIES 16-08-483, a
designated series of MSP Recovery
Claims, Series LLC,

          19-cv-524 (JLS) (JJM)

       Plaintiffs,

v.

MERCHANTS MUTUAL INSURANCE
CORPORATION, a Delaware
corporation, MERCHANTS NATIONAL
INSURANCE COMPANY, a New
Hampshire corporation, MERCHANTS
PREFERRED INSURANCE
COMPANY, a Delaware corporation,

       Defendants.

## DECISION AND ORDER

On May 2, 2024, this Court denied Defendants' [77] motion to dismiss to the extent that it challenged standing under Fed. R. Civ. P. 12(b)(1). *See* Dkt. 115, 116. On June 6, 2024, Defendants moved for reconsideration of that order pursuant to Rule 59(e). Dkt. 118.[1] For the following reasons, Defendants' [118] motion is DENIED.

---

[1] To the extent Defendants seek relief under Rule 59(e), their motion is untimely. *See* Fed R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). The Court, however, will consider the merits of the motion under Fed. R. Civ. P. 60(b). *See Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) ("An untimely motion for reconsideration is treated as a Rule 60(b) motion"). *See also Sigmen v. Colvin*, No. 13-0268, 2015 WL 5944254, *3 (E.D.N.Y. Oct. 13, 2015) (considering an untimely motion for reconsideration pursuant to Rule 59(e) as a Rule 60(b) motion).

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The "Second Circuit has instructed that Rule 60(b) provides 'extraordinary judicial relief' that may be granted 'only upon a showing of exceptional circumstances.'" *Harrison v. New York City Admin. for Children's Servs.*, No. 02 CIV. 947 RCC RLE, 2005 WL 2033378, at *1 (S.D.N.Y. Aug. 23, 2005) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). The "burden is on the moving party to demonstrate that it is entitled to relief, and courts '[g]enerally . . . require that the evidence in support of the motion to vacate a final judgment be highly convincing.'" *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). A Rule 60(b) motion may not be used "to relitigate issues already decided." *Maldonado v. Local 803 I.B. of T. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013).

Here, Defendants argue that Plaintiffs lack standing in light of the Second Circuit's decision in *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th

77, 89 (2d Cir. 2023). *See* Dkt. 118. In *Hereford*, the Court affirmed dismissal of a claim brought under the Medicare Secondary Payer Act for lack of standing because "the plain language of Section 111 tells us that when a no-fault insurance provider such as Hereford reports a claim pursuant to Section 111, it does not thereby admit that it is liable for the claim." *Hereford*, 66 F.4th at 89. According to Defendants, "there is no difference with regard to the basis" of the operative Complaint in this case and that in *Hereford*. *See* Dkt. 118-1 at 5.

This Court disagrees. Here, the Amended Complaint sets forth additional alleged facts beyond the CMS reporting allegations. For example:

- "Defendants' settlement agreements with Enrollees show, at minimum, that Defendants had constructive knowledge that they owed primary payments";

- "Defendants' knowledge that they owe primary payments is evidenced by . . . the settlements reached between the Defendants and Plaintiffs' assigned enrollees. By virtue of Defendants' own actions, settlements, and reporting, Defendants had actual and constructive knowledge of their primary payer obligations to Plaintiffs Assignors, the Class Members and the entire Medicare Advantage system"; and

- "For every instance that Defendants settled with a Medicare beneficiary enrolled in an MA plan administered by Plaintiffs' assignors and the Class Members, Defendants had constructive knowledge that they owed primary payments to Plaintiffs Assignors and the Class Members."

3

*See* Dkt. 66 ¶¶ 53, 62, 65.[2]

In accord with recent analogous cases, the Court remains satisfied that Plaintiffs have standing. *See, e.g., MSP Recovery Claims, Series 44 LLC v. Hanover Ins. Grp. Inc.*, No. CV 22-40087-FDS, 2023 WL 6160457, at *8 (D. Mass. Sept. 21, 2023) ("By alleging that defendant provided settlement payments to A.D. and P.R., the complaint sufficiently alleges that certain medical expenses, items, or services related to the claims are reimbursable. That is sufficient—at least on a motion to dismiss for lack of jurisdiction—to satisfy the second factor, that BCBSMA paid reimbursable costs but did not receive reimbursement"); *MSP Recovery Claims Series 44, LLC v. Bunker Hill Ins. Co.*, 683 F. Supp. 3d 172, 179 (D. Mass. 2023) ("While the complaint here does refer to Section 111 reporting, this is only a part of the method the complaint alleges demonstrates knowledge and responsibility").

For these reasons, Defendants' [118] motion for reconsideration is DENIED.

The case is referred back to Judge McCarthy in accordance with the [50] referral order. As stated on the record at the May 2, 2024 proceeding before this Court, stand-alone briefing—on Fed. R. Civ. P. 12(b)(6) issues only—is required, and

---

[2] Further, the parties advised in a joint status report that "the *Hereford* decision has a minimal impact on the issues related to this lawsuit other than Section 111 . . . . According to Plaintiffs, there still must be an existing settlement or contractual obligation that demonstrates Defendants' liability . . . The *Hereford* decision does not address other issues submitted to Your Honor by the parties." Dkt. 111.

4

shall be submitted in accordance with a schedule to be set by Judge McCarthy.

SO ORDERED.

Dated:     August 1, 2024
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE